# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**MARIA VITTORIOSO,**

        **Plaintiff,**

**v.**                                          **Case No:  6:12-cv-1036-Orl-31GJK**

**TOTAL MARKETING CONCEPTS, INC., TOTAL MARKETING TRAINING, INC., SURVEY GROUP CORPORATION, ANDREW DORKO, LINDA HARPER and GEORGE LONABAUGH,**

        **Defendants.**

_____

## ORDER

This matter is before the Court on Defendant, Total Marketing Concepts, Inc.'s ("Total Marketing") Motion to Vacate an Order of this Court that allowed several potential opt in plaintiffs to join a collective settlement even though they submitted their paperwork late. (Doc. 67 ("Motion to Vacate"). It is also before the Court on Plaintiffs' Response in opposition (Doc. 68) ("Response") and Defendant's Reply in support of the Motion to Vacate (Doc. 71) ("Reply").

### I.      Background

This dispute arises in the context of a Fair Labor Standards Act case in which the parties have reached a settlement. (*See* Doc. 60-1 (the "Settlement")). After notifying the Court of the Settlement, the parties jointly moved to consolidate several cases for settlement purposes, (Doc. 60), which was granted (Doc. 61). The Settlement required the Plaintiffs to provide a settlement claims administrator with a list of "Opt In Plaintiffs" to whom the administrator would send a notice of the suit, the Settlement, and information regarding their ability to join in the Settlement.

(Doc. 60-1 at 5-7). The Opt In Plaintiffs had 45 days from the time the settlement claims administrator sent the notices in which to fill out the information and return the forms ("Opt In Forms"). (*Id.* at 6-7). If the Opt In Plaintiffs filled out and timely returned the Opt In Forms then they are deemed "Qualified Claimants" and would subsequently receive a portion of the settlement funds. (*See Id.* at 7-8).

Multiple Opt In Plaintiffs failed to timely return the Opt In Forms. The Defendants assert that counsel for Defendants, Mr. Michael Abramson and Mr. Thomas Yardley, engaged in discussion with Plaintiffs' counsel and agreed to permit some late Opt In Plaintiffs to be included in the Settlement but elected to not permit six[1] late-filers to join. (Doc. 71 at 2). Reaching an impasse, Mr. Abramson "informed Camar Jones [(counsel for Plaintiffs)] that he would have to file a motion regarding the remaining claimants." (*Id.*). On July 30, 2013, Mr. Jones filed a motion requesting the Court issue an order deeming the late Opt In Plaintiffs' responses timely, thereby allowing them to receive the benefit of the Settlement. (Doc. 63 ("Motion to Deem Opt Ins Timely")).

When Mr. Jones filed the Motion to Deem Opt Ins Timely, Defendants' counsels were served through the Court's electronic service system, CM/ECF—this effected service on Total Marketing's local counsel and counsel of record in this case, Mr. Harley J. Storrings, but not Mr. Abramson or Mr. Yardley.[2] Mr. Storrings mistakenly believed that the Motion to Deem Opt Ins Timely was served on Mr. Abramson and Mr. Yardley, (Doc. 67 at 2), despite the certificate of

---

[1] Defendant's Motion to Vacate asserts that there are seven late Opt In Plaintiffs that were included in the Order they are seeking to vacate. However, the motion seeking the Court to deem the late filers timely only presents six names, they are: (1) Jeffrey Grumbling, (2) Larry Wood, (3) Edward Padilla, (4) Daryl Moore, (5) Adrian Rediker, and (6) Gregory Blake. (Docs. 63, 63-1).

[2] Neither Mr. Abramson nor Mr. Yardley filed a notice of appearance in this case nor sought to appear pro hac vice before this Court.

service indicating that he was the only attorney served for Total Marketing, (Doc. 63 at 7-8). Total Marketing did not respond to the Motion to Deem Opt Ins Timely. On August 19, 2013, Mr. Jones filed a Notice of Defendants' Failure to Respond to the Motion to Deem Opt Ins Timely, which was also served on Mr. Storrings. (Doc. 64). On August 21, 2013, thorough an endorsed order, this Court granted as unopposed the Motion to Deem Opt Ins Timely. (Doc. 65 ("Order Deeming Opt Ins Timely")). Thus, the total number of Opt In Plaintiffs that would benefit from the Settlement went from 328 (Doc. 62) up to 334.

Defendants, seemingly without irony, request this Court to now excuse them from the strict application of a deadline, so they can try to strictly enforce a deadline against six Opt In Plaintiffs. To wit, Defendants now ask the Court to vacate the Order Deeming Opt Ins Timely on the basis that when they missed a deadline it was excusable neglect. (Doc. 67 at 3).

## II.    Standard

Federal Rule of Civil Procedure 60 establishes the bases for relief from a court's order— one of those grounds is excusable neglect. Fed. R. Civ. P. 60(b)(1).  The goal of the rule is to balance the preservation of final judgments with the interests of justice in light of the facts of the case. *See Galbert v. W. Caribbean Airways*, 715 F.3d 1290, 1294 (11th Cir. 2013) (quoting *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir. 1981)[3]).

Further, the Supreme Court has established a four-factor test to determine if a party's negligent failure to meet a deadline is excusable. These factors are: "[(1)] the danger of prejudice to the [non-movant], [(2)] the length of the delay and its potential impact on judicial proceedings, [(3)] the reason for the delay, including whether it was within the reasonable control of the

---

[3] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

movant, and [(4)] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993). Further, the issues of prejudice and efficient judicial administration are of primary importance in the *Pioneer* analysis. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir.1996); *Skinner v. Legal Advocacy Ctr. of Cent. Florida, Inc.*, 6:11-CV-1760-ORL-37, 2012 WL 2814348, at *5 (M.D. Fla. July 10, 2012).

Recently, the Eleventh Circuit examined excusable neglect and reiterated its holding in *Cheney*, stating:

> For purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. Whether a party's neglect of a deadline may be excused is an equitable decision turning on all relevant circumstances surrounding the party's omission.

*United States v. Davenport*, 668 F.3d 1316, 1324 (11th Cir. 2012), *cert. denied*, 132 S. Ct. 2731, 183 L. Ed. 2d 70 (U.S. 2012) (quoting *Cheney*, 71 F.3d at 850) (internal quotations and citations omitted).

### III.    Analysis

Of the *Pioneer* factors, only the first three are at play in this case.[4] Thus, the first three *Pioneer* factors are examined in light of the full circumstances surrounding the Defendant's omission.

#### 1.  Danger of Prejudice to the Non-Movant

Plaintiffs assert that if the Motion to Vacate was granted, then prejudice would accrue to the six subject Opt In Plaintiffs because, if they are deemed untimely, then the statute of limitations would eliminate at least part of their individual claims that they could pursue in a separate action. The Court understands this to mean that from the time the six Opt In Plaintiffs

---

[4] There is no real issue of whether the Defendants acted in good faith in missing the deadline to respond to the Motion to Deem Opt Ins Timely.

learned of the Order Deeming Opt Ins Timely they relied on that order by not filing a separate lawsuit on their individual claims, did not pursue a tolling agreement with Defendants, or have not otherwise sought to preserve their claims. Further, Defendants have not presented any argument that the six Opt In Plaintiffs would not lose some or all of their claims.

Defendants assert that granting their Motion to Vacate and hearing the Motion to Deem Opt Ins Timely on the merits cannot prejudice Plaintiffs. (Doc. 67 at 4). Defendant's position, however, ignores the time period from the issuance of the Order Deeming Opt Ins Timely to now, during which Plaintiffs have reportedly relied on the Court's earlier order.

Even if the Motion to Vacate was granted, the loss of some or all of a claim due to the statute of limitation may never manifest. For example, if the Court grants the Motion to Vacate, but ultimately deems the Opt In Plaintiffs timely, then they would be in no worse position than they are now. However, the first *Pioneer* factor evaluates for "danger of prejudice," not whether it will necessarily accrue if an order is vacated. *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. While it is unclear that the prejudice would accrue, there is a danger of prejudice to the non-movant Plaintiffs.

### 2.  Length of Delay and Impact on Proceeding

Previously, in evaluating whether the delay will cause an impact on the proceedings and a court's resources, the Eleventh Circuit has looked to whether the parties planned on continuing the litigation and whether the likely litigation, or lack thereof, would have an impact on a district court's resources. *See Cheney*, 71 F.3d at 850 ("[T]he settlement discussions and continuing discovery indicate that both parties expected to continue litigating regardless of the arbitration panel's decision. Furthermore, we see no adverse impact on the district court or its resources by

permitting the case to be tried as it would have been had Cheney complied with Local Rule 8.06.").

Unlike *Cheney*, this case is nearly at an end—it has settled. The parties are apparently only in disagreement over 6 out of 334 Opt In Plaintiffs. Following the resolution of the Motion to Vacate there is no indication that the Court need be further involved with this dispute. Accordingly, efficient judicial administration militates in favor of leaving the Order Deeming Opts Ins Timely as it stands.

### 3.  Reason for Delay and Control of Movant

In this case, the Defendants were plainly in control of the reason for the delay. First, Total Marketing's counsel, Mr. Abramson, told Plaintiffs' counsel to file the Motion to Deem Opt Ins Timely—thus it is difficult to see how Total Marketing's defense team can claim surprise by the Plaintiffs filing the motion. (*See* Doc. 71 at 2). Second, Total Marketing's local counsel, Mr. Storrings, was served with the motion and the notice of failure to respond. (*See* Docs. 63, 64). Despite being served with both of these, Total Marketing did not move for an extension to respond or attempt to timely respond to the motion. Finally, Defendant's argument that Plaintiffs' counsel "[snuck] in under the radar" by not serving Mr. Abramson and Mr. Yardley with the motion is misplaced. (*See* Doc. 71 at 2-3). Regardless of Mr. Abramson and Mr. Yardley's extensive role in settlement discussions, Total Marketing engaged Mr. Storrings to handle the filings in this Court—this includes receiving service through CM/ECF. Accordingly, Total Marketing's *entire* defense team should have communicated enough to ensure they all knew that motion practice had not ended in this case.

Post-*Pioneer* precedent rightly emphasizes the issues of danger of prejudice and impact on the proceeding. *Cheney*, 71 F.3d at 850. However, "[d]istrict courts in this Circuit have generally

determined that 'an attorney's negligence alone' does not qualify for relief under Rule 60(b)(1)."

*Skinner*, 6:11-CV-1760-ORL-37, 2012 WL 2814348 at *4.

Telling opposing counsel to file a motion and then missing it when it is filed is not excusable neglect.

Therefore it is,

**ORDERED** the Motion to Vacate (Doc. 67) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 21, 2013.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party